Jakes O. Shackelford, J.,
delivered the opinion of the Court.
This is an action of trespass, brought against Autry, in the Circuit Court of Hardin County, by Andrew J. Coffman. The cause was tried at the July Term, 1866, and resulted in a judgment against Autry, for the sum of $836. A new trial was moved for; which motion was overruled; from which there was an appeal to this Court.
The facts necessary to be stated, are substantially as follows: In April, 1862, Autry came into the town of Hamburgh with a squad of rebel soldiers. The testimony tends to show, he was active in taking property from the citizens or soldiers at that place. The testimony also shows, that Autry was compelled, by the command, to act as a guide; that he did not go willingly; after the squad left Hamburgh, the property of Coffman was taken. There is no testimony, showing Autry was present- when the two mules of Coffman, and other property, was taken, or that he aided in the trespass. The testimony shows he was present with the force before and after the trespass was committed; that he returned home on the same evening.
*512 That part of His Honor’s charge, to which exception is taken, is as follows: “If the jury should be of opinion, from the proof, that Autry was with the soldiers willingly, and was aiding and abetting in the tort that was committed at Hamburgh, that such proofj though not conclusive, would create a presumption that he was aiding or assisting in the tort committed on Coffman, and would impose on Autry, the onus of showing, by proof, that he was dissenting to the tort committed at the house of Coffman; that if Autry was forced to go with the soldiers as a guide, and went reluctantly in the first instance, but afterwards assented to the torts and participated in them, that he would be a wrong-doer, and liable; that it was not necessary for the proof to show that the defendant was present at the house of Coffman, at the time the tort was committed; if he was with any portion of the command, he would be constructively present, and responsible for their acts. The Court referred to a case tried by Judge Houle, in East Tennessee, where a citizen told Confederate troops there was an old man living' one mile off, that had a good horse; they went and took the horse, and the citizen was held responsible, though not with' the command.”
We think the charge of the Court erroneous. The fact that Autry was along with the troops as a guide, at Hamburgh, and participated in the torts at that place, raises no presumption that he participated in the wrongful act in taking the property of Coffman; it is a circumstance that might be proven, in connection with the other facts in the case.
*513 A trespass is not presumed, so as to throw the bur-then of proof upon the defendant. A jury have the right, from the facts and circumstances proven in the cause, to draw their deductions,- in making up their verdict as to the liability of the defendant. If Autry was not a part of the command who were engaged in a common unlawful purpose, to make him liable, the proof must show he participated in the unlawful act of taking the property; and though he may have been present, unless he aided and assisted in the trespass, he could not be held liable, being no part of the command. That part of the charge, in which the Court referred to a case decided by Judge Houk, we think, tended to mislead the jury. The facts and' circumstances of that case were not before the jury; and the citizen in that case, may have been held liable for the trespass, as the case was presented to the jury. In this case, we think it was manifest error in the Court to so instruct the jury, and tended to mislead them.
The judgment must be reversed, and the cause remanded.
*517 CASES ARGUED AND DETERMINED IN THE SUPREME COURT OF TENNESSEE, FOR THE EASTERN DIVISION, KNOXVILLE,.SEPTEMBER TERM, 1869.